IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SOLEDAD SANCHEZ DE LA RIVA,** | § § | |
| *Plaintiff*, | § § | |
| v. | § § | **CIVIL ACTION NO: 3:18-CV-00019** |
| **TERRA KLEAN, INC. a/k/a TERRA KLEAN SOLUTIONS, INC., RAUL PINTO INDIVIDUALLY;** | § § § § § | |
| *Defendants.* | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, SOLEDAD SANCHEZ DE LA RIVA (herein, "Plaintiff"), in the above-styled and numbered cause, and files her First Amended Complaint against Defendant, TERRA KLEAN, INC. a/k/a TERRA KLEAN SOLUTIONS, INC. and RAUL PINTO, individually (herein, "Defendants"). Plaintiff and Defendant herein will be referred to as the "Parties." Plaintiff for cause shows the Court the following:

### A. NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of age against Plaintiff by Defendants, as well as, retaliation in the terms, conditions, and privileges of employment as is provided for in the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, which Act's purpose is to secure to those within the state freedom from discrimination in employment. Plaintiff also seeks redress for assault and negligence claims against Defendants as enumerated herein.

## B. PARTIES

2. Plaintiff SOLEAD SANCHEZ DE LA RIVA (hereafter, "Plaintiff") is a female resident of El Paso County, Texas.

3. Defendant TERRA KLEAN, INC. a/k/a TERRA KLEAN SOLUTIONS, INC. (herein "Defendant" and "TERRA KLEAN") is a domestic for profit Texas Corporation located at P.O. Box 781535, San Antonio, Texas 78278. Defendant may be served with process via its registered agent, Antonio Flores III; at 5401 Bandera, San Antonio, Texas 78238.

4. Defendant RAUL PINTO is a managing supervisor for Defendant TERRA KLEAN SOLUTIONS *et al.* He may be served at their local El Paso, Texas location: 5005 N. Piedras St., El Paso, Texas 79920.

## C. JURISDICTION

5. Jurisdiction is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, which Act's purpose is to secure to those within the state freedom from discrimination in employment.

6. Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, El Paso County.

7. Venue is proper in El Paso County, Texas, by reason of the provisions of Section 15.002(a) (l), Texas Civil Practice and Remedies Code, since all events forming the basis of this suit occurred in this county.

8. Further, Plaintiff is a female resident of the United States and, during all times material hereto, was a resident of El Paso County, Texas. Defendant TERRA KLEAN employed Plaintiff in El Paso, Texas, where Defendant TERRA KLEAN maintains a place of business.

9. Defendant TERRA KLEAN is an entity that does business and has done business in El Paso County, Texas, and is considered an "employer" within the meaning of the Texas Commission on Human Rights Act of 1983, TEX. LAB. CODE ANN. § 21.002(8).

10. Specifically, Defendant TERRA KLEAN is a (d) (4) employer within TEX. LAB. CODE ANN. § 21.2585 of the Act, and in any event is at least category a (d) (1) employer within

PLAINTIFF'S FIRST AMENDED COMPLAINT                                                                                              PAGE 2 OF 15
*SOLEDAD SANCHEZ DE LA RIVA V. TERRA KLEAN, INC., ET AL.*                                                                    EXHIBIT "A"

said section.

11. This is a proceeding for compensatory relief, as well as all other relief applicable to secure the rights of Plaintiff under TEX. LAB. CODE ANN. § 21.001, *et seq.*

### D. FACTS

12. Plaintiff is a female resident of El Paso County who is in her sixties.

13. Plaintiff was employed by Defendant TERRA KLEAN in El Paso, Texas on or about March 4, 2015 as part-time housekeeper.

14. Plaintiff received excellent evaluations throughout the course of her employment with Defendant TERRA KLEAN.

15. Shortly after taking a position with Defendant TERRA KLEAN, Plaintiff was assigned a new supervisor, Defendant Raul Pinto (herein "Pinto"). At this time, Plaintiff had superior seniority and was next in line for a permanent job position.

16. Despite this status, Pinto assigned the next permanent position which became available in or around May 2016 to a different employee, much younger than Plaintiff.

17. This employee was under the age of forty (40).

18. This employee had been employed with Defendant TERRA KLEAN approximately two-three months at the time she was promoted to a permanent position.

19. Pinto's promotion of this younger employee with only a few months of employment over Plaintiff who had the requisite seniority for a promotion to full time status, was motivated by age discrimination.

20. Pinto proceeded to do this three (3) more times, with the next three (3) permanent

positions that became available that Plaintiff expressed interest in filling.[1]

21. On or about September 2016, Plaintiff reported these acts to her union, and the union reported her grievance to Defendants.

22. Defendant TERRA KLEAN ignored Plaintiff's grievance, and did nothing as a response to her report of age discrimination.

23. Pinto became aggressive towards Plaintiff upon learning of Plaintiff's reports to management of Pinto's activity and discrimination.

24. On or about February 9, 2017, Pinto finally assigned Plaintiff to a full time housekeeping position; however, did so requiring her to submit to a ninety (90) day probationary period though Plaintiff had been employed working within the same area for over five (5) months with excellent evaluations.

25. Plaintiff protested the probationary period.

26. Pinto responded with further aggression against Plaintiff. Pinto began to hide Plaintiff's supplies prior to her shift in order to make it difficult for her to perform her job duties.

27. Pinto also removed the additional employee who worked with Plaintiff in her assigned work area, making it difficult for Plaintiff to successfully clean the entire area on her own. Despite her repeated requests for assistance in her area, Pinto refused to replace her shift colleague, leaving Plaintiff alone with a large area to clean.

28. After retaliating in this fashion against Plaintiff, Pinto heightened his scrutiny of

---

[1] Defendant provided a false list of employee names to the administrative agency investigating discrimination against Defendant, identifying the individuals who allegedly received these promotions as all being over the age of forty (40). The people who actually received permanent positions over Plaintiff are all under the age of forty (40): Alejandra Garcia, Sylvia Hernandez, and Margarita Hernandez.

Plaintiff's work area, at times taking in lamps to observe the cleanliness in tiny corners and under furniture.

29. Plaintiff continued to protest this retaliation and Pinto continued to retaliate aggressively against Plaintiff. This culminated in Pinto assaulting Plaintiff on or about February 15, 2017 in front of several witnesses.

30. Plaintiff filed a report with William Beaumont Army Medical Center Provost Marshal Office regarding the incident which was produced to Defendant TERRA KLEAN.

31. Defendants still did nothing regarding Pinto's discrimination or assault of employees at the work site.

32. Defendant TERRA KLEAN never addressed the discrimination, retaliation, or assault with Plaintiff; Defendant in fact acquiesced in Pinto's behavior, summarily dismissed all efforts by the Union to intervene on Plaintiff's behalf, and ultimately ignored Plaintiff's pleas for intervention and cessation of the discrimination and retaliation she was suffering during the course of her employment.

33. Accordingly, Plaintiff has been subjected to a hostile work environment and age discrimination on account of Plaintiff being over the age of forty (40).

34. After reporting the same to management, Plaintiff was retaliated against by Pinto and Defendants, and continues to suffer from retaliation during the course of her employment.

35. Plaintiff filed a separate Charge of Retaliation on or about March 6, 2017.

36. The discrimination and retaliation against Plaintiff continues to date.

37. On or about December 11, 2017 Pinto posted Plaintiff's position as an "Open Position," and invited employees to apply for Plaintiff's employment, therein removing Plaintiff once again from her current full time position.

38. Since Pinto's management supervision began with Defendant TERRA KLEAN, numerous female employees have been subjected to sexual harassment, sex discrimination, age discrimination, disability discrimination, HIPPA VIOLATIONS, assault and retaliation. Two of these employees have been terminated after filing a charge of discrimination and/or retaliation with the Equal Employment Opportunity Commission (herein "EEOC").[2]

39. Within the appropriate time of the acts of which Plaintiff complains, on or about respectively November 3, 2016 and March 6, 2017, Plaintiff filed a charge of discrimination and retaliation, under oath, with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Charge of Discrimination from the EEOC is attached herein and incorporated by reference as Exhibit "A." Plaintiff's Charge of Retaliation from the EEOC is attached herein and incorporated by reference as Exhibit "B."

40. The EEOC investigated Plaintiff's claims and on or about September 19, 2017 issued Right to Sue Letters to Plaintiff which are attached herein and incorporated by reference as Exhibit "C."

41. Pursuant to the "work sharing agreement" between the Texas Workforce Commission (herein, "TWC") and the EEOC, a correspondent Notice of Right to File a Civil Action from the TWC has been requested and will be issued shortly by the agency. Plaintiff has produced the same.

42. Accordingly, Plaintiff timely files this suit.

43. As such, all conditions precedent to the filing of this action have been fulfilled. To the extent any time limits have not been complied with, same are futile, have been waived, or are

---

[2] At least four of these employees still have charges of discrimination and retaliation against Defendant pending with

tolled on account of agreement and/or fraud; Defendants are estopped from asserting the same.

## E. CLAIMS FOR RELIEF
## COUNT ONE
### (AGE DISCRIMINATION AGAINST DEFENDANT TERRA KLEAN)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 43 of this Petition and paragraphs 45 to 98 of this Petition, as if fully set forth herein.

45. Plaintiff, a female over the age of forty (40), is a member of a protected class pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

46. Defendant discriminated against Plaintiff on account of her age in violation of the Texas Commission on Human Rights Act by subjecting Plaintiff to a hostile work environment where upper level management discriminated against employees due to their age, and favored younger female employees openly.

47. Plaintiff suffered differing treatment than her younger colleagues and was met with hostility and eventually assault by Defendant's management when she raised the aforesaid issues to Defendant's management and owners.

48. Plaintiff's failure to be promoted to a full time position was based upon her age and membership in a protected group and clearly affected a term, condition, or privilege of her employment, in that it made the work environment for Plaintiff intolerable and resulted ultimately in a lack of promotion and job stability for Plaintiff by Defendants.

49. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

---

the EEOC at this time.

    (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

    (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

    (c) Attorney's fees and costs of court, inclusive of expert witness fees.

50. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

51. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

## COUNT TWO
### (RETALIATION AGAINST DEFENDANT TERRA KLEAN)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 51 of this Petition, as well as paragraphs 53 to 98 of this Petition, as if fully set forth herein.

53. By this reference, Plaintiff hereby incorporates all preceding paragraphs of this Petition as if they were set forth within this cause of action.

54. At all times set forth hereinafter, Defendant was an "employer" and is a "respondent" as defined by the "Texas Commission on Human Rights Act of 1983", TEX. LAB. CODE ANN. § 21.002(7).

55. Plaintiff opposed and protested against discrimination imposed upon employees by

one of Defendant(s) supervisors. Plaintiff specifically opposed the age discrimination she was suffering during the course of her employment.

56. As alleged above, Plaintiff asserts that Defendant Terra Klean's decision to not promote Plaintiff was carried out as retaliation for having opposed and complained about employment discrimination, therefore violating TEX. LAB. CODE ANN. § 21.001, *et seq*.

57. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

   (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

   (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

   (c) Attorney's fee and costs of court, inclusive of expert witness fees.

58. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

59. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

### COUNT THREE
### (ASSAULT AGAINST DEFENDANT, RAUL PINTO)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 59 of this Petition, as well as paragraphs 61 to 98 of this Petition, as if fully set forth herein.

61. On or about February 9, 2017, Pinto finally assigned Plaintiff to a full time housekeeping position; however, did so requiring her to submit to a ninety (90) day

probationary period though Plaintiff had been employed working within the same area for over five (5) months with excellent evaluations.

62. Plaintiff protested the probationary period.

63. Pinto responded with further aggression against Plaintiff. Pinto began to hide Plaintiff's supplies prior to her shift in order to make it difficult for her to perform her job duties.

64. Pinto also removed the additional employee who worked with Plaintiff in her assigned work area, making it difficult for Plaintiff to successfully clean the entire area on her own. Despite her repeated requests for assistance in her area, Pinto refused to replace her shift colleague, leaving Plaintiff alone with a large area to clean.

65. After retaliating in this fashion against Plaintiff, Pinto heightened his scrutiny of Plaintiff's work area, at times taking in lamps to observe the cleanliness in tiny corners and under furniture.

66. Plaintiff continued to protest this retaliation and Pinto continued to retaliate aggressively against Plaintiff. This culminated in Pinto assaulting Plaintiff on or about February 15, 2017 in front of several witnesses.

67. Plaintiff filed a report with William Beaumont Army Medical Center Provost Marshal Office regarding the incident which was produced to Defendant.

68. Defendant still did nothing regarding Pinto's discrimination or assault of employees at the work site.

69. As a direct and proximate result of Defendant RAUL PINTO'S assault of Plaintiff, including but not limited to the instances alleged above, while acting in the course of his employment with Defendant TERRA KLEAN, Plaintiff has suffered severe and grievous

mental and emotional harm. Because Defendant PINTO acted maliciously, Plaintiff is also entitled to recover exemplary or punitive damages in an amount to be determined by the jury.

## COUNT FOUR
### (NEGLIGENT SUPERVISION OF EMPLOYEE AGAINST DEFENDANT, TERRA KLEAN)

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 69 of this Petition, as well as paragraphs 71 to 98 of this Petition, as if fully set forth herein.

71. An employer has a legal duty to use ordinary care in adequately supervising its employees. *Mackey v. U.P. Enters.* 935 S.W.2d 446, 459 (Tex. App.—Tyler 1996, no writ).

72. Defendant TERRA KLEAN did not adequately supervise its employee, DEFENDANT RAUL PINTO.

73. Defendant TERRA KLEAN allowed RAUL PINTO to discriminate, retaliate and ultimately assault Plaintiff during the course of her employment with DEFENDANT, TERRA KLEAN.

74. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

   (a) Actual damages
   (b) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

   (c) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

   (d) Attorney's fee and costs of court, inclusive of expert witness fees.

75. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

## COUNT FIVE
### (NEGLIGENT RETENTION OF EMPLOYEE AGAINST DEFENDANT, TERRA KLEAN)

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 75 of this Petition, as well as paragraphs 77 to 98 of this Petition, as if fully set forth herein.

77. An employer has a legal duty to use ordinary care in adequately retaining its employees. *Porter v. Nemer* 900 S.W.2d 376, 385 (Tex. App.—Austin 1995, no writ).

78. Defendant TERRA KLEAN did not adequately retain its employee, DEFENDANT RAUL PINTO.

79. Defendant TERRA KLEAN allowed RAUL PINTO to discriminate, retaliate and ultimately assault Plaintiff during the course of her employment with DEFENDANT, TERRA KLEAN.

80. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

   (e) Actual damages
   (f) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

   (g) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

   (h) Attorney's fee and costs of court, inclusive of expert witness fees.

81. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

## F. DAMAGES

82. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 81 of this Petition, as well as paragraphs 83 to 93 of this Petition, as if fully set forth herein.

83. Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

    (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

    (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future;

    (c) Attorney's fees and costs of court, inclusive of expert witness fees.

84. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policies, practices, customs, and usages set forth herein, thus she requests declaratory, injunctive and equitable relief as a means of securing relief for such wrongs. TEX. LAB. CODE ANN. § 21.258.

85. Defendants acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

## G.  DEMAND FOR JURY

86. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 85 of this Petition and paragraphs 87 to 98 of this Petition, as if fully set forth herein.

87. Plaintiff demands a jury trial at this time.

## H.  REQUEST FOR DISCLOSURE

88. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 87 of this Petition and paragraphs 89 to 98 of this Petition, as if fully set forth herein.

89. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, the Court grant Plaintiff the following relief:

90. Find Defendants practices complained of herein, *i.e.*, including but not limited to Defendants' unlawful treatment of Plaintiff based upon Plaintiff's age which was followed by retaliation for opposition of the same, are in violation of Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

91. Grant Plaintiff a declaratory, injunctive, and equitable relief via a judgment, declaring Defendants' practices complained of herein to be in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

92. Order Defendants to allow Plaintiff to be posted to a permanent position, as she requested and is entitled to, with full salary, training, seniority, benefits, pay increases, promotions, awards, bonuses and the like, with full back pay (and interest thereon), and benefits she would have received had she never been discriminated against or retaliated against, and as if she had worked in a discrimination-free/reprisal-free environment.

93. In lieu of reinstatement into a full time position similar to the position currently being held by Plaintiff which she is being removed from, order Defendants to pay Plaintiff all the back pay and benefits due at the time of trial, and to pay Plaintiff front pay and benefits for a period beginning on the date of trial.

94. Enter judgment awarding Plaintiff compensatory damages from Defendants as later determined on all her causes of action.

95. Enter judgment awarding Plaintiff punitive or exemplary damages from Defendants for Defendants' willful, malicious and/or reckless conduct in an amount to be determined by the jury at trial, which will appropriately punish Defendants for such misconduct and which will appropriately deter Defendants from engaging in such misconduct in the future.

96. Enter judgment awarding Plaintiff prejudgment and post judgment interest as allowed by law at the legal rate.

97. Enter judgment awarding Plaintiff her attorney's fees and cost of court.

98. Grant such other and further relief at law or in equity, as the arbitrator deems necessary and proper.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas 79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile

*/s/ Soraya Yanar Hanshew*
SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF electronic filing on Defendants by and through Defendants' attorney of record:

> JOHN A. FERGUSON, JR.
> State Bar No. 06909100
> SCHMOYER REINHARD LLP
> 17806 IH 10 West, Suite 400
> San Antonio, Texas 78257
> (210) 447- 8033 Telephone
> (210) 447-8036– Facsimile
> jferguson@sr-llp.com

Further, opposing counsel has agreed to accept all service for Defendants in the aforesaid manner, as well as via electronic mail.

>  */s/ Soraya Yanar Hanshew*
> **Soraya Yanar Hanshew**